FILED

NOV 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYDIA OLSON; MIGUEL PEREZ; POSTMATES, INC.; UBER TECHNOLOGIES, INC.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>STATE OF CALIFORNIA; XAVIER BECERRA, in his capacity as Attorney General of the State of California; JOHN DOE, in his official capacity,<br><br>Defendants-Appellees. | No. 20-55267<br><br>D.C. No. 2:19-cv-10956-DMG-RAO<br><br>ORDER FOR JOINT SUPPLEMENTAL BRIEFING AND STATUS REPORT |

Before: RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,* District Judge.

Appellants, Postmates, Inc., Uber Technologies, Inc., and two of their workers, appeal the denial of their motion for a preliminary injunction, which sought to enjoin enforcement of California Assembly Bill 5 2019 (AB 5). AB 5 codified, expanded in some respects, and restricted in others, the "ABC test" set forth in *Dynamex Operations West, Inc. v. Superior Court of Los Angeles*, 4 Cal.

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

5th 903 (2018), to determine whether a worker is an employee or an independent contractor. Appellants raise claims under the Equal Protection, Due Process, and Contracts Clauses of the United States and California Constitutions.

On November 3, 2020, California voters approved California Proposition 22, the App-Based Drivers as Contractors and Labor Policies Initiative. Proposition 22, which will become effective mid-December, provides that app-based drivers are classified as independent contractors notwithstanding any other provision of the California Labor Code, which would include AB 5. *See* Proposition 22 art. 2 § 7451. We ordered the parties to address at oral argument whether Proposition 22 moots this appeal.

Following oral argument, however, questions remain as to whether this appeal presents an "actual or live controversy." *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1155 (9th Cir. 2017) (explaining that a moot case lacks an actual or live controversy and deprives federal courts of subject matter jurisdiction). We have the independent duty to examine our subject matter jurisdiction. *See Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir. 1992).

Accordingly, no later than 14 days from the date of this order, the parties shall jointly file a supplemental brief and status report. The filing shall not exceed 10 pages, and shall address, at a minimum: (1) whether Proposition 22 or any

actions taken subsequent to its enactment have mooted this appeal; (2) the status of any enforcement actions against Appellants that may be affected, in whole or in part, by Proposition 22; (3) an explanation of how Proposition 22 may affect those actions, including what causes of action could survive and whether this appeal could, in turn, affect those claims; (4) any pending or potential legal challenges to Proposition 22; (5) the prospect of future enforcement actions against Appellants based on AB 5 irrespective of Proposition 22; and (6) any other pending matters or information that may affect the mootness determination.

**IT IS SO ORDERED**.